UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                              CRIMINAL ACTION NO. 3:07CR-96-S

ANTWAN TOLLEY                                                               DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Antwan Tolley, to suppress evidence seized in a warrantless search of the residence of Francis and Tonya Masden at 1810 Madison Avenue in Louisville, Kentucky. The motion was filed on October 3, 2007. It was not accompanied by a motion to enlarge the time for filing such a motion. By pretrial order, a deadline of September 17, 2007 had been established to file suppression motions. Thus, we have no obligation to entertain this motion. We elect to do so in order to resolve the legal issue raised while acknowledging that the issue was waived when no timely suppression motion was filed.

The search of the residence occurred on August 17, 2006, purportedly with the consent of both residents and in the presence of Tolley. During the search, a 9 mm caliber pistol was discovered inside a shoe box in Tonya Masden's basement bedroom. Tolley was indicted for being a felon in possession of that firearm. Tolley has two prior felony convictions.

Tolley has moved to suppress evidence on the ground that, as a "lawful guest" in the home of "an acquaintance," he has standing to object to the search. Tolley Motion to Suppress, p. 1. He urges that he is entitled to an evidentiary hearing in order to take testimony to prove a Fourth Amendment violation. Tolley is not entitled to an evidentiary hearing however. It is clear from the

facts recited in Tolley's own motion that he does not have standing to raise a Fourth Amendment challenge to the search.

A legitimate expectation of privacy for overnight guests has been recognized by the courts and found to be reasonable in most instances. In *Minnesota v. Carter*, 525 U.S. 83, 119 S.Ct. 469, 142 L.Ed.2d 395 (1998), the Supreme Court noted that "[s]taying overnight in another's home is a longstanding social custom that serves functions recognized as valuable by society...From the overnight guest's perspective, he seek shelter in another's home precisely because it provides him with privacy..." *Id*. at 473. The court concluded that "[t]hus, an overnight guest in a home may claim the protection of the Fourth Amendment, but one who is merely present with the consent of the householder may not." *Id.*

The Sixth Circuit has also noted the distinction between "different ends of the privacy spectrum," concluding in *United States v. Pollard*, 215 F.3d 643, 647-48 (6th Cir. 2000), that one defendant had standing while another did not:

> Pollard has standing to contest the search. He has been friends for approximately seven years with the lessee, Howard, and had been staying at the home earlier in the week. Furthermore, Pollard occasionally spent the night at the residence and kept some personal belongings in a closet in the living room. In addition, he sometimes ate meals with the family during his visits. Finally, although Pollard did not know the makeshift method to open the door, he was allowed to stay in the home even if the residents were not present...The district court found that Rodriguez was a "mere visitor" and had no standing to challenge the search. We agree that Rodriguez has no standing to contest the search, because he had never been to the premises before and did not know the renter of the premises. Further, when Rodriguez came to the house he did not bring any personal possessions or luggage."

*See, also, United States v. Sanginetto-Miranda*, 859 F.2d 1501, 1510 (6th Cir. 1988)(legitimate expectation of privacy found in third-party's apartment where defendant given unrestricted access, permitted to stay overnight as often as desired without lessee's knowledge or consent, defendant kept clothes in apartment and expected to exclude others when locked door from inside).

Tolley states only that at the time of the search, he was a lawful guest of a resident who he describes as an "acquaintance." He offers nothing to suggest that he was anything more than a casual visitor to the Madison Avenue residence. Tolley contends that he is entitled to a hearing because the nature of his relationship with the owners is a "factual one." However, he does not offer any facts which are in dispute. The United States does not disagree that Tolley was present in the residence with the consent of an acquaintance.

Tolley has not shown a legitimate expectation of privacy in the Madison Avenue residence. Therefore, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Antwan Tolley, to suppress evidence (DN 24) is **DENIED.**

**IT IS SO ORDERED.**