**FILED**

Jeffrey A. Apperson, Clerk

FEB 07 2008

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 07-96-ART |
| | ) | |
| V. | ) | |
| | ) | |
| ANTWAN TOLLEY, | ) | **JURY INSTRUCTIONS** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

## JURY INSTRUCTION NO. 1

### Introduction

(1)     Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2)     I will start by explaining your duties and the general rules that apply in every criminal case.

(3)     Then I will explain the elements, or parts, of the crimes that the Defendant is accused of committing.

(4)     Next, I will explain the Defendant's position regarding the crimes that he is accused of committing.

(5)     After that, I will explain some rules that you must use in evaluating particular testimony and evidence.

(6)     And finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

-1-

(7)     Please listen very carefully to all of these instructions.

## JURY INSTRUCTION NO. 2

### Juror's Duties

(1)     You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)     Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the Defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law. You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

(3)     The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

(4)     Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

### JURY INSTRUCTION NO. 3

**Presumption of Innocence**
**Burden of Proof**
**Reasonable Doubt**

(1)     As you know, the Defendant has pleaded not guilty to the crimes charged in the indictment.  The indictment is not any evidence at all of guilt.  It is just the formal way that the government tells the Defendant what crimes he is accused of committing.  It does not even raise any suspicion of guilt.

(2)     Instead, the Defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with him unless and until the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

(3)     This means that the Defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish.  You must find the Defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4)     The government must prove every element of the crimes charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubt or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5)     Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you

are convinced that the government has proved the Defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

## JURY INSTRUCTION NO. 4

### Evidence Defined

(1)    You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)    The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

(3)    Nothing else is evidence.  The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

(4)    During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  This is not evidence and you are bound by your oath not to let it influence your decision in any way.

(5)    Make your decision based only on the evidence, as I have defined it here, and nothing else.

## JURY INSTRUCTION NO. 5

### Consideration of Evidence

(1)     You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## JURY INSTRUCTION NO. 6

### Direct and Circumstantial Evidence

(1)    Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2)    Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3)    Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4)    It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## JURY INSTRUCTION NO. 7

### Credibility of Witnesses

(1)      Another part of your job as jurors is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

(2)      Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)  Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(C)   Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

(E)  Ask yourself if the witness had any relationship to the government or the Defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something, or failed to say or do something, at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3)     These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## JURY INSTRUCTION NO. 8

### Number of Witnesses

(1)     One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)     Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

## JURY INSTRUCTION NO. 9

### Lawyers' Objections

(1)     There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

(2)     The lawyers may have objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

(3)     And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## JURY INSTRUCTION NO. 10

### General Rules

(1)     That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crimes that the Defendant is accused of committing.

(2)     But before I do that, I want to emphasize that the Defendant is only on trial for the particular crimes charged in the indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

(3)     Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved the Defendant guilty.  Do not let the possible guilt of others influence your decision in any way.

## JURY INSTRUCTION NO. 11

### Possession of Firearm by Convicted Felon - 18 U.S.C. § 922(g)(1)

(1)    Count 1 of the Indictment charges the Defendant with violating federal law by being a convicted felon in possession of a firearm.  For you to find the Defendant guilty of this charge, the government must prove the following three elements beyond a reasonable doubt:

(A)    First, that the Defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year;

(B)    Second, that the Defendant, following his conviction, knowingly possessed the firearm, that is, an FMJ model PM-11 9mm semiautomatic pistol, serial number 94-0006651; and

(C)    Third, that the specified firearm crossed a state line prior to or during the alleged possession.  It is sufficient for this element to show that the firearm was manufactured in a state other than Kentucky.

(2)    Now I will give you some more detailed instructions on some of these elements:

(A)    The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.   The government does not have to prove that a firearm was loaded or that it worked.

(B)    The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

(3)    If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

-14-

## JURY INSTRUCTION NO. 12

### Possession

(1)     Next, I want to explain something about possession.  To establish actual possession, the government must prove that the Defendant had direct, physical control over the firearm and knew that he had control of it.  The Defendant does not have to own the firearm in order to possess the firearm.

(2)     But understand that just being present where something is located does not equal possession.  The government must prove that the Defendant had actual possession of the firearm, and knew that he did, for you to find him guilty of the crimes charged.  This, of course, is all for you to decide.

## JURY INSTRUCTION NO. 13

### Inferring Required Mental State

(1)　　Next, I want to explain something about proving a defendant's state of mind.

(2)　　Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3)　　But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4)　　You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## JURY INSTRUCTION NO. 14

### Defense Theory

(1)     That concludes the part of my instructions explaining the elements of the crimes.

Next I will explain the Defendant's position.

(2)     It is the position of the Defendant that he did not possess the firearm and is not guilty

of the crime charged.

## JURY INSTRUCTION NO. 15

### Consideration of the Evidence

(1)     Next I will explain some rules that you must use in considering some of the testimony and evidence.

## JURY INSTRUCTION NO. 16

### Stipulations

(1)     During the trial, the parties stipulated, or agreed, to certain facts, including the following:

(A)     That the Defendant has previously been convicted of a crime punishable by imprisonment for more than one year; and

(B)     That the firearm alleged, that is the FMJ model PM-11 9mm semiautomatic pistol, serial number 94-0006651, crossed a state line prior to the alleged possession by the Defendant.

(2)     Even though no evidence was presented on these points, you may accept these facts as true, but you are not required to do so.

## JURY INSTRUCTION NO. 17

### Defendant's Election Not to Testify

(1)     A defendant has an absolute right not to testify or present evidence. The fact that he did not testify or present evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

(2)     Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

## JURY INSTRUCTION NO. 18

### Opinion Testimony

(1)     You have heard the testimony of Bradley Leveritt, who expressed an opinion.  A witness who has specialized knowledge due to knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

(2)     You do not have to accept a witness's opinion.  In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions.

(3)     Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## JURY INSTRUCTION NO. 19

### Impeachment by a Prior Inconsistent Statement Not Under Oath

(1)      You have heard the testimony of Tonya Masden and Frances Masden. You have also heard that before this trial they made a statement that may be different from their testimony here in court.

(2)      This earlier statement was brought to your attention only to help you decide how believable these witnesses' testimony was. You cannot use it as proof of anything else. You can only use it as one way of evaluating their testimony here in court.

## JURY INSTRUCTION NO. 20

### Impeachment of a Witness by a Prior Conviction

(1)     You have heard the testimony of ~~Wayne~~ William Gaston. You have also heard that before this trial he was convicted of a crime.

(2)     This earlier conviction was brought to your attention only as one way of helping you decide how believable his testimony was. Do not use it for any other purpose. It is not evidence of anything else.

## JURY INSTRUCTION NO. 21

### Consideration of Evidence for Limited Purpose

(1)       You have heard evidence to the effect that prior to the time of the offense alleged, the Defendant was previously convicted of a crime punishable for a term exceeding one year.  This evidence was admitted for the limited purpose of determining whether the Defendant was prohibited by law from possessing the firearm.  You may not, however, use this evidence for any other purpose whatsoever in deciding the case against the Defendant.

**INSTRUCTION NO. 22**

(1)     That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)     The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions, and will speak for you here in court.

(3)     Once you start deliberating, do not talk to the court security officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the court security officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

(4)     One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

### JURY INSTRUCTION NO. 23

### Experiments, Research and Investigation

(1)     Remember that you must make your decision based only on the evidence that you saw and heard here in court.  Do not try to gather any information about the case on your own while you are deliberating.

(2)     For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case; and do not visit any of the places that were mentioned during the trial.

(3)     Make your decision based only on the evidence that you saw and heard here in court.

## **JURY INSTRUCTION NO. 24**

### **Unanimous Verdict**

(1)      Your verdict, whether it is guilty or not guilty, must be unanimous.

(2)      To find the Defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves him guilt beyond a reasonable doubt.

(3)      To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4)      Either way, guilty or not guilty, your verdict must be unanimous.

## JURY INSTRUCTION NO. 25

### Duty to Deliberate

(1)     Now that all the evidence is in and once the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)     But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that – your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)     No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

(4)     Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the Defendant guilty beyond a reasonable doubt.

### JURY INSTRUCTION NO. 26

#### Punishment

(1)     If you decide that the government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2)     Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3)     Your job is to look at the evidence and decide if the government has proved the Defendant guilty beyond a reasonable doubt.

## JURY INSTRUCTION NO. 27

### Verdict Limited to Charges against the Defendant

(1)       Again, you must remember that the Defendant is only on trial for the particular crime charged.  Your job is limited to deciding whether the government has proved the crime charged.

(2)       Your job is to decide if the government has proved this Defendant guilty. Do not let the possible guilt of others influence your decision in any way.

-30-

## JURY INSTRUCTION NO. 28

### Verdict Form

(1)      I have prepared a verdict form that you should use to record your verdict.

(2)      If you decide that the government has proved the charges against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charges against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and then notify the court security officer that you have reached a verdict.

### JURY INSTRUCTION NO. 29

### Court Has No Opinion

(1)      Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the Defendant guilty beyond a reasonable doubt.